FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 16, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WESLEY M., | No. 4:24-CV-05044-ACE |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | **ECF Nos. 8, 14** |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 8, 14. Attorney David L. Lybbert represents Plaintiff; Special Assistant United States Attorney Jacob Peter Phillips represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on September 23, 2021, alleging onset of disability since September 7, 2020. Tr. 297, 299. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Thomas Auble held a

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

hearing on July 11, 2023, Tr. 116-148, and issued an unfavorable decision on July 28, 2023. Tr. 17-39. The Appeals Council denied Plaintiff's request for review on March 13, 2024, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 24, 2024. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On July 28, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-39.

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through March 31, 2024, had not engaged in substantial gainful activity since the alleged onset date, September 7, 2020. Tr. 21.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, osteoarthritis, chronic venous insufficiency, depression, anxiety, and attention deficit hyperactivity disorder. *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 24.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform light work, with the following limitations:

> [Plaintiff] can lift up to 20 pounds occasionally; lift/carry up to 10 pounds frequently; stand/walk for about 6 hours and sit for up to 6 hours in an 8 hour work day, with normal breaks; never climb ladders, ropes or scaffolds; occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; avoid concentrated exposure to extreme cold, wetness, and vibration; and never be exposed to unprotected high places or unguarded moving mechanical parts.  He can understand, remember, and carry out simple instruction, and make simple work-related decisions.  He can tolerate occasional interactions with the public, coworkers, and supervisors; and he can work at a consistent pace in goal-oriented work throughout the workday but cannot perform work requiring a strict production rate . . .; but he would need to alternate sitting/standing every hour while remaining on task.

Tr. 27.

At step four, the ALJ found Plaintiff was not able to perform any past relevant work.  Tr. 37.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of routing clerk, collater operator, document preparer, paramutual ticket checker, and addresser.  Tr. 37-39.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date, September 7, 2020, through the date of the decision, July 28, 2023.  Tr. 39.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

1  Plaintiff raises the following issues for review:  (1) whether the ALJ

2  properly evaluated the medical opinion evidence; (2) whether the ALJ erred at step

3  two of the sequential evaluation process; (3) whether the ALJ properly evaluated

4  Plaintiff's subjective limitations; (4) whether the ALJ conducted a proper step-five

5  analysis; and (5) whether the ALJ failed to consider the evidence in a longitudinal

6  fashion.  ECF No. 8 at 9-14.

7                              **DISCUSSION**

8  **A.    Medical Opinion Evidence**

9         Plaintiff first contends the ALJ erred by improperly evaluating the medical

10 opinion evidence as required.  ECF No. 8 at 9-10.

11        For claims filed on or after March 27, 2017, the ALJ must consider and

12 evaluate the persuasiveness of all medical opinions or prior administrative medical

13 findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a)

14 and (b).  The factors for evaluating the persuasiveness of medical opinions and

15 prior administrative findings include supportability, consistency, the source's

16 relationship with the claimant, any specialization of the source, and other factors

17 (such as the source's familiarity with other evidence in the file or an understanding

18 of Social Security's disability program).  20 C.F.R. §§ 404.1520c(c)(1)-(5),

19 416.920c(c)(1)-(5).

20        Supportability and consistency are the most important factors, and the ALJ

21 must explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2),

22 416.920c(b)(2).  The ALJ may explain how she considered the other factors, but is

23 not required to do so, except in cases where two or more opinions are equally well-

24 supported and consistent with the record.  *Id.*  Supportability and consistency are

25 explained in the regulations:

26        (1) *Supportability.* The more relevant the objective medical evidence
27        and supporting explanations presented by a medical source are to
28        support his or her medical opinion(s) or prior administrative medical

finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the 2017 regulatory framework displaced the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-789, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the 2017 regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.* at 792.

### 1. Dr. Morgan

Plaintiff's brief indicates there is only one mental evaluation in the record, a March 2022 report completed by David Morgan, Ph.D. (Tr. 1785-1789). ECF No. 8 at 3. Plaintiff notes Dr. Morgan diagnosed Unspecified Anxiety Disorder and Major Depressive Disorder, Recurrent, and lists impairments of a "marked degree" in performing activities within a schedule and maintaining regular attendance, adapting to changes in work setting, maintaining appropriate behavior, completing

a normal work day or work week without interruptions from psychologically based symptoms, and setting realistic goals and planning independently.  ECF No. 8 at 3-4; Tr. 1786-1787.  In the argument section of Plaintiff's brief, Plaintiff contends that the ALJ's RFC determination finds that Plaintiff would be limited to "simple, routine tasks," but does not directly deal with the absenteeism predicted by Dr. Morgan.[2]  ECF No. 8 at 10.

Plaintiff's briefing fails to provide specific argument pertaining to Dr. Morgan:  he neither cites to legal authority nor explains precisely how the ALJ erred with regard to the report of Dr. Morgan.  The Court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *Paladin Assocs., Inc. v. Mont. Power Co*., 328 F.3d 1145, 1164 (9th Cir. 2003).  The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery.  Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.  Particularly on appeal, we have held firm against considering arguments that are not briefed.  But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting.  However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so.  It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  Fed. R. App. P. 28(a)(9)(A).  We require contentions to be accompanied by reasons.

---

[2]As pointed out by Defendant, ECF No. 14 at 4, Dr. Morgan's report does not specifically opine that Plaintiff's condition would cause him to be chronically absent, *see* Tr. 1785-1789.

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

1  *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).
2  Moreover, the Ninth Circuit has repeatedly admonished that the Court will not
3  "manufacture arguments for an appellant" and therefore will not consider claims
4  that were not actually argued in an appellant's opening brief.  *Greenwood v. Fed.*
5  *Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).  Because Plaintiff failed to
6  provide adequate briefing, the Court could decline to consider any assertion that
7  the ALJ erred in evaluating Dr. Morgan's report.

8      Nevertheless, the Court finds that a review of the record reveals that Dr.
9  Morgan assessed marked limitations without supportive analysis or explanation
10  and despite normal mental status findings on examination (Tr. 1789).  *See*
11  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (an ALJ may discredit a
12  physician's opinion that is unsupported by rationale or treatment notes and offers
13  no objective medical findings to support the existence of alleged conditions).
14  Because Dr. Morgan's assessment was inconsistent with the normal objective
15  findings on exam and unsupported by an explanation, the Court finds the ALJ
16  correctly determined that Dr. Morgan's opinion lacked persuasive value.

17      With respect to Plaintiff's mental health, the ALJ limited Plaintiff to simple
18  instructions, simple work-related decision, and occasional social interaction, and
19  determined that Plaintiff could work at a consistent pace in goal-oriented work
20  throughout the workday but could not perform work requiring a strict production
21  rate or work that requires hourly quotas.  The mental health limitations imposed by
22  the ALJ are supported by substantial evidence and free of legal error.

23      *2. Drs. Poi and Vawter*

24      On February 24, 2020, Plaintiff presented to Aaron K. Vawter, D.O., to have
25  disability paperwork completed.  Tr. 1598-1609.  Dr. Vawter noted Plaintiff's pain
26  was subjective and that it was "very difficult to determine whether he could work a
27  sedentary job with accommodations to be able to sit and stand and change
28  positions."  Tr. 1603.  Dr. Vawter indicated Plaintiff's "actual strength and range

of motion restrictions are fairly mild compared to the amount of pain that he has." *Id*. On April 9, 2020, Dr. Vawter wrote a letter on Plaintiff's behalf indicating Plaintiff "would benefit from being able to elevate his left leg 15 to 30 minutes up to 4 times daily due to his history of ankle fusion." Tr. 1814. On July 28, 2020, Plaintiff returned to Dr. Vawter to have unemployment paperwork completed. Tr. 1779. Dr. Vawter noted Plaintiff was "actually fairly functional on exam which makes it difficult to quantify his disability" but that "accommodations for work are reasonable allowing position changes and breaks due to his pain." Tr. 1783. Dr. Vawter cleared Plaintiff to perform light to sedentary level work. Tr. 1783.

On February 2, 2022, Mun Jye Poi, M.D., recommended conservative therapy for the treatment of Plaintiff's chronic venous insufficiency, including daily exercise, no prolonged sitting and crossing of the legs, hydration, wearing compression stockings, and leg elevation "whenever possible." Tr. 1816. Dr. Poi specifically recommended that Plaintiff "elevate [his] legs for an average of 2-4 hours daily if possible." Tr. 1816.

Plaintiff argues that the opinions of Drs. Vawter and Poi indicate that Plaintiff would need to elevate his legs for up to four hours throughout the day. ECF No. 8 at 11. However, Plaintiff fails to demonstrate how the ALJ's RFC determination specifically conflicts with the recommendations of Drs. Vawter and Poi or otherwise results in error.

The ALJ's RFC determination allows Plaintiff to switch positions in order to avoid sitting for more than two hours at a time and to alleviate symptoms. Tr. 35. The ALJ specifically held that while the medical providers recommended Plaintiff elevate his legs when possible, they did not state an absolute, definitive requirement that Plaintiff would need to elevate his legs while on duty and the evidence did not specify that Plaintiff was unable to elevate his legs during normal breaks or when he was off duty. Tr. 35-36.

///

Even if the medical opinion evidence could be interpreted more favorably to Plaintiff, if it is susceptible to more than one rational interpretation, the ALJ's ultimate conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Court will only disturb the ALJ's findings if they are not supported by substantial evidence. *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). The ALJ's determination regarding leg elevation is supported by substantial evidence and free of legal error.

Plaintiff has failed to demonstrate that the ALJ improperly evaluated the medical opinion evidence of record. Accordingly, Plaintiff is not entitled to remand on this issue.

**B.    Step-Two**

Plaintiff contends the ALJ also failed to conduct an adequate step-two analysis. ECF No. 8 at 3, 5-6, 10.

At step two of the sequential evaluation process, Plaintiff has the burden of proving that he has a severe impairment. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 423(d)(1)(A), 416.912. In order to meet this burden, Plaintiff must furnish medical and other evidence that shows that he has a severe impairment. 20 C.F.R. § 416.912(a). The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities. An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921. "Basic work activities" are defined as the abilities and aptitudes necessary to do most jobs. *See* 20 C.F.R. §§ 404.1521(b), 416.921(b).

Step two is "a de minimis screening device [used] to dispose of groundless claims," *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when this conclusion is "clearly established by medical evidence." S.S.R. 85-28; *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir.

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

2005).  Applying the normal standard of review to the requirements of step two, the Court must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that Plaintiff did not have a medically severe impairment.  *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."); *Webb*, 433 F.3d at 687.

    *1.  Kidney Stones*

    Although Plaintiff's administrative hearing testimony discussed recurrent kidney stones that had caused him to have to frequently use the bathroom, Tr. 131-132, 141-142, Plaintiff failed to list this specific condition as a disabling impairment when completing his application for disability benefits, *see* Tr. 336 (indicating 2 thoracic disc herniations, hyperparathyroidism, depression, post traumatic stress disorder, bilateral varicose veins with leg swelling, 3 lumbar disc herniations, degenerative disc disease, anxiety, sleep apnea, and ankle swelling and pain as his disabling medical conditions).  Moreover, the argument section of Plaintiff's brief, ECF No. 8 at 9-14, does not mention kidney stones.  *See Carmickle,* 533 F.3d at 1161 n.2.  Nevertheless, the "Relief Requested" section of Plaintiff's briefing cites to two records in an attempt to substantiate his claim of kidney stones from April 15, 2021, to September 2022, *see* ECF No. 8 at 3 citing Tr. 927, 2321,[3] and Plaintiff refers to his urinary urgency and his need to have ///

_____

    [3]The progress note from April 15, 2021 indicates Plaintiff reported a history of kidney stones, but it does not establish a confirmed diagnosis of kidney stones at that time, Tr. 927, and the office visit medical record from September 30, 2022 specifically states that Plaintiff had not had kidney stones since his prior visit in November 2021, Tr. 2321.

ORDER GRANTING DEFENDANT'S MOTION . . . - 11

multiple bathroom breaks during the day[4] throughout his briefing, ECF No. 8 at 3, 5, 7, 11, 14, 15.

The ALJ discussed Plaintiff's history of kidney stones and properly determined the impairment did not meet the durational requirement for a severe medically determinable impairment. Tr. 22. An individual shall be considered disabled if he has an impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* 20 C.F.R. §§ 404.1509, 416.909; 42 U.S.C. § 423(d)(1)(A). As explained by the ALJ, Plaintiff first had a confirmed kidney stone diagnosis in June 2021, but they had not dislodged, Tr. 918; he had surgery to remove a kidney stone in July 2021 and reported in November 2021 that he had trouble emptying his bladder completely when urinating, Tr. 2010, 2012, 2016; he reported signs of a kidney stone in December 2021, Tr. 1997, and by January 5, 2022, he had passed a stone and was emptying his bladder well, Tr. 1990, 1993; imaging in March and April 2022 showed non-obstructing calculus formation but no other kidney stones, Tr. 1941; he developed another kidney stone and had minor surgery to remove it on May 9, 2022, Tr. 2362; and there were no further treatment notes or assessed limitations resulting from kidney stones noted in the record. Tr. 22. The record reflects that Plaintiff did not have a severe kidney stone condition for at least 12 consecutive months; therefore, the condition did not meet the durational requirement for a severe medically determinable impairment.

### 2. Migraine Headaches

Like Plaintiff's kidney stone condition, Plaintiff did not list migraine headaches as a disabling impairment when he completed his application for

---

[4]As asserted by Defendant, no medical source of record has opined that Plaintiff needed to use the bathroom every 15-25 minutes as alleged. ECF No. 14 at 7.

ORDER GRANTING DEFENDANT'S MOTION . . . - 12

1    disability benefits.  *See* Tr. 336.  However, Plaintiff's administrative hearing

2    testimony discussed that he had experienced migraines for years, had been treated

3    for the condition for one year, and had been prescribed medication for the

4    impairment.  Tr. 134-135.  The argument section of Plaintiff's brief states only the

5    following with respect to migraine headaches:  "The ALJ erred in failing to

6    consider the Migraine Headaches as a 'severe limitation' and thereby fails to

7    include the effect of the Plaintiff's Headaches in the hypothetical presented to the

8    VE."  ECF No. 8 at 10.  Plaintiff does not cite legal authority or explain how the

9    ALJ erred with regard to his step two migraine headaches analysis.  *See Carmickle,*

10   533 F.3d at 1161 n.2.  In any event, the Court finds the ALJ thoroughly evaluated

11   the evidence regarding Plaintiff's headaches and reasonably determined Plaintiff's

12   headaches were not severe given the relative infrequent nature of the headaches

13   and Plaintiff's responsiveness to treatment.  *See* Tr. 22-23.

14        As discussed by the ALJ, Plaintiff reported only "intermittent headaches" as

15   of July 2021, Tr. 1490, and then again in February and April of 2022, Tr. 1355,

16   1933.  A medical record in November 2022 reflects medication helped decrease his

17   headaches, Tr. 2315, and other records indicate Plaintiff denied headaches

18   altogether, Tr. 1686 (2/20/19 "negative" for headaches), Tr. 1996 (12/30/21

19   "Negative for headaches"), Tr. 1970 (2/2/22 "negative" for headaches), Tr. 1943

20   (4/15/22 "negative" for headaches), Tr. 2332 (7/29/22 "denies any headaches"),

21   2618 (6/14/23 "negative" for headaches).  Tr. 23.  As concluded by the ALJ, the

22   record reflects historic diagnoses of headaches but shows only complaints of

23   intermittent symptoms in general without signs of debilitation.  Tr. 23.  Plaintiff

24   has failed in his burden of demonstrating his headaches significantly limited his

25   ability to perform basic work activities.  Substantial evidence supports the ALJ's

26   determination in this regard.

27        Based on the foregoing, the ALJ's determination that Plaintiff's kidney stone

28   and migraine headache impairments were not severe at step two of the sequential

evaluation process is supported by substantial evidence.  Plaintiff is not entitled to remand on this issue.

## C.    Plaintiff's Symptom Claims

Plaintiff contends the ALJ also erred by improperly assessing Plaintiff's subjective limitations.  ECF No. 8 at 11-13.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements.  *Andrews,* 53 F.3d at 1039.  However, the ALJ's findings must be supported by specific, cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen*, 80 F.3d at 1281; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("Ultimately, the 'clear and convincing' standard requires an ALJ to show [their] work[.]").  Thus, to satisfy the substantial evidence standard, the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony.  *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (emphasis in original).

Here, the ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record.  Tr. 29.

ORDER GRANTING DEFENDANT'S MOTION . . . - 14

*1. Objective Medical Evidence*

The ALJ concluded that the objective medical evidence of record did not support the degree of limitation alleged by Plaintiff.  Tr. 36.

An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-347 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch*, 400 F.3d at 680.  However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).

Here, with respect to Plaintiff's physical condition, the ALJ noted there was no evidence of the sort of spinal stenosis that could reasonably cause chronic, disabling pain during the relevant time period, Tr. 31 citing Tr. 979, 1638, 2618-2619, and that the majority of findings in the record reflected normal gate and station as well as normal strength, Tr. 31 citing Tr. 2269, 2371, 2407, 2429.  In fact, Plaintiff indicated to Dr. Poi in February 2022 that he walked 8.5 miles a day. Tr. 30, 1966, 1969.  The ALJ noted Aaron B. Jones, M.D., reported the absence of etiology for Plaintiff's complaints and observed normal range of motion, no edema, and no significant tenderness, deformity or muscle spasm, Tr. 2609, a medical provider observed in June 2023 that Plaintiff appeared in no acute distress (despite rating pain as a 7), Tr. 2630, and a June 2023 office visit revealed Plaintiff had negative straight leg raising, full strength, normal reflexes, and normal gait, Tr. 2618.  Tr. 30-31.  A July 21, 2023 MRI showed only mild lower lumbar spine degenerative changes without moderate/severe spinal canal stenosis or neural foraminal narrowing, findings that did not suggest a need for greater limitations than those determined by the ALJ.  Tr. 31, 2645-2646.  The evidence of record

does not document the frequency or severity of Plaintiff's alleged physical symptoms and limitations.

With regard to Plaintiff's mental health, although Plaintiff reported some difficulty with concentration and difficulties in interacting with others, objective findings documented good concentration and attention span, as well as cognition within normal limits, and the interpersonal relationship complaints dealt with situational stressors/family. *See* Tr. 25-26, 32-33. As repeatedly mentioned by the ALJ, Plaintiff was able to earn a college degree after being a fulltime student in 2022. This demonstrates that Plaintiff, at a minimum, can understand, remember and carry out simple instructions, make simple work-related decisions, with occasional social interaction, and work at a consistent pace. Plaintiff's alleged psychological limitations are not supported by the objective evidence of record.

As indicated by Defendant, ECF No. 14 at 11, Plaintiff did not challenge the ALJ's references to normal objective findings and benign medical evidence that contradicted Plaintiff's claims of debilitating limitations, *see* ECF No. 8 at 11-13. Nevertheless, the Court finds the objective medical evidence of record, as discussed above, does not support the degree of limitation alleged by Plaintiff in this case, and this was a valid, clear and convincing reason to give little weight to Plaintiff's subjective complaints.

### 2. Inconsistencies

The ALJ also discounted Plaintiff's symptom claims based on his inconsistent statements. Tr. 30-31, 36.

An ALJ may consider inconsistencies in a claimant's testimony or inconsistencies between a claimant's testimony and conduct when assessing subjective complaints. *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007); *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) (inconsistencies in a claimant's testimony may be used to discredit subjective complaints); *Fair*, 885 F.2d at 604 n.5 (an ALJ can reject pain testimony based on contradictions in a plaintiff's

1    testimony).  Plaintiff did not challenge the ALJ's rejection of Plaintiff's testimony
2    based on inconsistencies.  ECF No. 8 at 11-13.

3        Here, the ALJ noted Plaintiff reported walking 8.5 miles per day in 1-mile
4    increments, Tr. 1969, yet told clinicians he had moderate difficulty with walking 2
5    blocks and walking a mile, Tr. 1987, and that he must lay down and rest after
6    walking 1 mile, Tr. 2614.  Tr. 31, 36.  The ALJ further noted Plaintiff reported a
7    20-year history of back pain, but imaging had not accounted for it and findings on
8    examinations were within normal limits.  Tr. 30-31.  In addition, as noted above, a
9    medical provider observed in June 2023 that Plaintiff appeared in no acute distress
10   despite a pain rating of 7.  Tr. 31, 2630.  Finally, while Plaintiff reported memory
11   problems and difficulties in interacting with others and sustaining concentration
12   and persistence, Tr. 25-26, objective findings documented good concentration and
13   attention span as well as cognition within normal limits and he was able to earn his
14   BA degree after being a fulltime student in 2022, Tr. 32.

15       The ALJ's reference to inconsistencies between Plaintiff's testimony and
16   conduct is supported by substantial evidence, and this was an additional clear and
17   convincing reason to discount Plaintiff's symptom claims.

18       *3.  Activities of Daily Living*

19       The ALJ also determined Plaintiff's disability allegations were inconsistent
20   with his activities.  Tr. 30, 33, 37.  This is the only rationale Plaintiff challenges in
21   his argument regarding Plaintiff's subjective complaints; however, Plaintiff's brief
22   merely recites the law pertaining to the issue and fails to provide an analysis or
23   address how the ALJ specifically erred in this respect.  ECF No. 8 at 12-13.

24       An ALJ may consider a claimant's activities that undermine reported
25   symptoms.  *Rollins*, 261 F.3d at 857.  If a claimant can spend a substantial part of
26   the day engaged in pursuits involving the performance of exertional or non-
27   exertional functions, the ALJ may find these activities inconsistent with the
28   reported disabling symptoms.  *Fair*, 885 F.2d at 603; *Molina v. Astrue,* 674 F.3d

ORDER GRANTING DEFENDANT'S MOTION . . . - 17

1104, 1113 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.902(a). "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13. "Only if the level of activity is inconsistent with Claimant's claimed limitations" do daily "activities have any bearing on Claimant's credibility." *Ferguson,* 95 F.4th at 1203 (quoting *Reddick*, 157 F.3d at 722).

Here, the ALJ found Plaintiff's activities of daily living demonstrated he could function in excess of his reported limitations. Tr. 30, 33, 37. The ALJ noted Plaintiff regularly walked 8.5 miles per day in 1-mile increments, Tr. 140, 1966, 1969; had completed a Bachelor of Arts degree as a fulltime student during the relevant time period, Tr. 128-129; and was able to travel[5] and drive distances for appointments. Tr. 18, 30, 32, 33, 37. The ALJ explained Plaintiff's activities were not consistent with the activities of daily living of a totally disabled person. Tr. 37. The undersigned agrees. This was another clear and convincing reason, supported by substantial evidence, to discount Plaintiff's symptom claims.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in

---

[5]Plaintiff indicated he was able to fly on a plane to Arkansas to spend time with his brother, Tr. 141; was interested in getting an oral appliance to use in the place of a CPAP machine as it would be more convenient "while he is traveling" or "while he is camping," Tr. 919; and mentioned "going on vacation" in April 2023, Tr. 2643.

determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review.  42 U.S.C. § 405(g).  After reviewing the record, and based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for finding Plaintiff's symptom allegations were not entirely credible in this case. Plaintiff is not entitled to remand on this issue.

**D.    Step-Five**

Plaintiff contends the ALJ also failed to meet his burden at step-five.  ECF No. 8 at 13-14.  At step five of the sequential evaluation analysis, the burden shifts to the Commissioner to establish that 1) the claimant can perform other work, and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran*, 700 F.3d at 389.  In assessing whether there is work available, the ALJ must rely on complete hypotheticals posed to a vocational expert.  *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir. 1996).  The ALJ's hypothetical must be "based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations."  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The hypothetical should be "accurate, detailed, and supported by the medical record."  *Tackett*, 180 F.3d at 1101. The hypothetical that ultimately serves as the basis for the ALJ's determination, *i.e.*, the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all the limitations and restrictions of the claimant.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

The ALJ's RFC need only include those limitations found credible and supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211,1217 (9th Cir. 2005) ("The hypothetical that the ALJ posed to the VE contained all the limitations that the ALJ found credible and supported by substantial evidence in the record.").  "If an ALJ's hypothetical does not reflect all of the claimant's

ORDER GRANTING DEFENDANT'S MOTION . . . - 19

1    limitations, then the expert's testimony has no evidentiary value to support a

2    finding that the claimant can perform jobs in the national economy." *Id*.  However,

3    the ALJ "is free to accept or reject restrictions in a hypothetical question that are

4    not supported by substantial evidence." *Greger v. Barnhart*, 464 F.3d 968, 973

5    (9th Cir. 2006).  Therefore, the ALJ is not bound to accept as true the restrictions

6    presented in a hypothetical question propounded by a claimant's counsel if they are

7    not supported by substantial evidence. *Magallanes*, 881 F.2d at 756-757; *Martinez*

8    *v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986).  A Plaintiff fails to establish that a

9    step five determination is flawed by simply restating an argument that the ALJ

10   improperly discounted certain evidence, when the record demonstrates the

11   evidence was properly rejected. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-

12   1176 (9th Cir. 2008).

13          Plaintiff contends the ALJ erred by relying on the vocational expert's

14   response to an incomplete hypothetical.  ECF No. 8 at 13-14.  However, Plaintiff's

15   argument assumes that the ALJ erred in his analysis of the medical opinion and

16   other evidence.  As addressed above, the ALJ properly evaluated the medical

17   opinion evidence and properly discounted Plaintiff's symptom claims.  The ALJ's

18   RFC determination adequately addresses the medical opinions and other evidence

19   in this record.  Plaintiff's alternative interpretation of the evidence does not

20   undermine the ALJ's analysis.  The ALJ did not err in assessing Plaintiff's RFC or

21   finding Plaintiff capable of performing work existing in the national economy

22   based on that RFC determination.

23          Plaintiff is not entitled to remand on this issue.

24   **E.    Longitudinal Approach**

25          Finally, Plaintiff contends that the ALJ failed to consider the evidence in a

26   longitudinal fashion.  ECF No. 8 at 14.  However, Plaintiff does not offer any

27   substantive argument, cite to the record, or explain what particular evidence the

28   ALJ failed to discuss in a longitudinal manner.  *See Carmickle*, 533 F.3d at 1161

ORDER GRANTING DEFENDANT'S MOTION . . . - 20

n.2.  Plaintiff's cursory argument is without merit and thus provides no basis for remand.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed.  Accordingly, **IT IS HEREBY ORDERED:**

1.    Defendant's Motion to affirm, **ECF No. 14**, is **GRANTED**.

2.    Plaintiff's Motion to reverse, **ECF No. 8**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive shall file this Order and provide copies to counsel.  **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED December 16, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 21